**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10436 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00109-LEK-1 |
| v. | |
| MICHAEL PHILLIP PATRAKIS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 6, 2020**
Honolulu, Hawaii

Before:  FARRIS, McKEOWN, and BADE, Circuit Judges.

Michael Patrakis appeals his conviction, following a guilty plea, of two counts of sexual exploitation of a child.  The parties are familiar with the facts, so we do not repeat them here.  We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Patrakis argues the government "implicitly breached" his plea agreement during his sentencing hearing by introducing a statement from a victim's representative pertaining to a dismissed count of the indictment, and by making an illusory promise in the sentencing stipulations. Patrakis "did not raise the issue of breach of the plea agreement before the sentencing court," and we accordingly review his conviction for plain error. *United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012).[1]

The Crime Victims' Rights Act provides that a victim "directly and proximately harmed as a result of the commission of a Federal offense" has the "right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. §§ 3771 (e)(2)(A); (a)(4). And no "limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

Although the statement requested a "maximum sentence," the government immediately clarified that this request referred to the plea agreement's

---

[1] Even under de novo review, Patrakis would not prevail. Because we conclude that the government did not breach the plea agreement, we do not reach Patrakis' additional argument that this court should invalidate the plea agreement's waiver of his right to appeal the district court's order denying his motion to suppress and address that motion in this appeal.

contemplation of a sentence up to eighteen years. The government thus did not merely "superficially abide by its promise to recommend a particular sentence while also making statements that serve no practical purpose but to advocate for a harsher one." *United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014).

The government did not make an illusory promise in the sentencing stipulations pertaining to supervised release and, therefore, did not breach the plea agreement by offering inadequate consideration.[2] The plea agreement was supported by sufficient consideration, including the government's agreement to dismiss certain charges and to recommend a sentence below the advisory guidelines range and the statutory maximum.

**AFFIRMED.**

---

[2] Patrakis argues that the government "breached" the plea agreement by making an illusory promise that provided inadequate consideration. Inadequate consideration, however, would result in no contract being formed, while a breach is a failure, without legal excuse, to perform any promise that forms part of the contract. *Kremen v. Cohen*, 337 F.3d 1024, 1028 (9th Cir. 2003).